UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN RE:

MICHAEL DUNVILLE and
MICHELLE DUNVILLE,

    Debtors.
_____/

Case No. 09-64837-WSD
(Chapter 7)
Hon. Walter Shapero

## MOTION OF CAPSTONE REALTY, INC. d/b/a CAPSTONE RED, INC. FOR RELIEF FROM STAY

Capstone Realty, Inc. d/b/a Capstone Red, Inc. ("Capstone"), moves pursuant to 11 U.S.C. § 362 (d) for relief from the automatic stay. This Motion is based upon the following:

1. Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 10, 2009 ("Petition Date").

2. This Motion is classified as a core proceeding which this Court has the power to hear pursuant to 28 U.S.C. §157(b)(2)(G).

3. Debtors, June R. Dunville, and the R. Martin Dunville Irrevocable Trust were indebted to National City Bank, successor to National City Bank of the Midwest ("Bank") pursuant to the terms of a certain Promissory Note dated August 21, 2006, in the original amount of $1,435,143.00, as modified (the "Note").

4. As security for the Note, the Bank obtained valid and perfected mortgage liens on the Debtors' real property located at 2261 Union Lake Road, Commerce Township, Michigan and 5106 Deer Run Circle, Orchard Lake, Michigan (collectively, "Property") pursuant to. recorded Mortgages dated November 6, 2002 and February 21, 2006.

5.     The Oakland County Treasurer claims an interest in the Property. Oakland Catholic Credit Union claims an interest in the real property located 5106 Deer Run Circle, Orchard Lake, Michigan.

6.     The Note, Mortgage and other loan documents were assigned from the Bank to Capstone pursuant to a Non-Recourse Assignment dated June 23, 2009, and Assignments of Mortgages dated June 23, 2009.

7.     As of the Petition Date, the amount of $1,502,719.70 is owing under the Note. The value of the Property is less than the amount owing to Capstone.

8.     Capstone is informed and believes that the value of the Property is continuously diminishing. Capstone's interest in such Property is not adequately protected because periodic payments are not being made to Capstone post-petition.

9.     The Debtors have no equity in the Property.

10.    The Property is not necessary for an effective reorganization since this is a Chapter 7 liquidation case.

11.    A copy of the proposed Order granting Capstone relief from stay is attached as Exhibit 1. A copy of the Notice of Motion and Opportunity to Object is attached as Exhibit 2. A copy of the Proof of Service is attached as Exhibit 3. Copies of the Note, Mortgages, Non-Recourse Assignment, and Assignments of Mortgages are attached as Exhibit 4.

Capstone requests that this Court enter an Order:

A.     Granting it relief from the automatic stay provisions of the Bankruptcy Code so that Capstone may proceed with its state law remedies.

B.     Prohibiting the Debtors from using, leasing or selling the Property in the absence of adequate protection of the Capstone's interest in the Property; and

C. Granting such other and further relief as is just and proper.

                    PLUNKETT COONEY
                    Attorneys for Capstone Realty, Inc.
                     d/b/a Capstone Red, Inc.

Dated: December 16, 2009        By: ___/s/_JOSEPH M. AMMAR_____
                                            Joseph M. Ammar (P41972)
                                            Business Address: 950 Trade Centre Way
                                                                Suite 310
                                                                Kalamazoo, MI 49002
                                            Telephone:        (269) 226-8845
                                            jammar@plunkettcooney.com

Branches.03654.91305.1873527-1